WIFORD, PLAINTIFF, *v.* ELIDA (VILLAGE), ET AL., DEFENDANTS.

Common Pleas Court, Allen County.

No. 47347. Decided July 3, 1961.

*Mr. L. E. Ludwig*, for plaintiff.
*Mr. R. E. Waltz*, for defendant.

DAVISON, J. This is an action instituted by Ellsworth W. Wiford, a tax-paying resident of the Village of Elida, Allen County, Ohio against said village and Russell L. Hire, Auditor of Allen County, Ohio, seeking a declaratory judgment declaring Ordinance No. 162, copy of which is attached in full to the plaintiff's Amended Petition, to be invalid and of no force and effect, and for a restraining order permanently enjoining the Village of Elida from levying the charges provided for in said Ordinance against the plaintiff's real estate and restraining the defendant Auditor of Allen County from placing the same on the tax duplicate. This case was tried to the Court on the Amended Petition of the plaintiff and the Answer of the defendant Village of Elida, both of which parties appeared at the trial. Defendant Russell L. Hire, Auditor of Allen County, filed an Answer herein but was not represented at the trial.

During the course of the trial, evidence was offered by the plaintiff pertaining to the charging of sewer rentals against residents outside of the corporate limits of the Village of Elida who are receiving water from said village. It is to be noted that the Ordinance itself in Section 3, paragraph A, purports to establish such sewer charges against any lot of land within or without the corporate limits of the village which either directly or indirectly discharges sewage into the Village's system. This evidence was offered by the plaintiff in support of the plaintiff's contention that the provisions of the Ordinance providing for the levying of charges against lots of land outside the corporate limits of the Village of Elida rendered the Ordinance invalid. Objection to the introduction of such evidence was made by the defendant Village on the ground that the plaintiff, being a resident of and owning lots within the corporate limits of the Village of Elida, had no ground to complain as to any charges levied on lots of land outside the Vil-

lage and, therefore, he was in no position to urge the invalidity of the Ordinance on this ground and hence could not introduce such evidence. The Court reserved ruling on this evidence and permitted it to go in, subject to being rejected, if the Court should find that it should not be admitted. The Court finds and rules that said evidence is not admissible in this case, in the first place because of the reason advanced by the defendant and, secondly, on the ground that it is immaterial in this Court's opinion, in that such question has no bearing on the validity and effectiveness of the Ordinance as to lots of land within the corporate limits of the Village of Elida. Although the Ordinance itself has no so called "savings clause" providing for the validity of all other parts of the Ordinance in the event that any one part should be declared invalid, nevertheless the Court can and does make the distinction and finds that it is immaterial to the validity of the Ordinance as applicable to lots within the Village that such charges are attempted to be made on lots outside the Village. Hence such evidence is not considered by the Court in this case.

Coming to the determination of the issues in this case the Court finds on the issues joined, between the plaintiff in its Amended Petition and the defendant in its Answer, in favor of the defendant Village.

From the evidence it is clear that there is installed within the Village of Elida, a system of underground drains or pipelines or conduits which constitute a facility used for the collecting or conducting of water-borne sewage to a point of disposal. From the evidence it also appears that this system was installed originally, in part as a petitioned ditch by the Allen County Commissioners, and in part as a highway drainage ditch. However, the Village of Elida has replaced a substantial section of the original land tile with vitrified tile at Village expense and has maintained at Village expense the system as a whole so far as its use as a means of disposing of sewage is concerned.

Although such drains and pipes may have been originally constructed for the purpose of carrying storm or surface water only, they have been used and maintained for, and as now installed, constitute a system of sewerage. Prior to 1940 no

sewage was discharged from any homes into this sewerage according to the former health officer of Allen County, Dr. Gale Miller. Commencing with the year 1940, as a result of pressure being exerted by the Board of Health, septic tanks began to be installed in said Village, the overflow from which was discharged into said drains and pipes. From the evidence the Court finds that the first septic tanks installed were not required to have leech beds or filter beds, but that later these additions were required but that people having such tanks without leech beds or filter beds were not required to add them. Numerous witnesses testified from their personal knowledge, and the Court finds, that raw sewage is being carried through this system of underground pipes, drains and conduits installed in the Village of Elida. The Elida Public School is using a septic tank without a filter or leech bed but which is supplied only with a baffle board to control the outlet of the septic tank, which septic tank was built to accommodate a student population of about 600, whereas the present student population using this septic tank now numbers in the neighborhood of 1600 and the outflow from this tank is discharged into this system.

The outlets for this Village's system of sewerage are through county or highway ditches and ultimately the discharge therefrom is into the Ottawa River. The evidence is uncontradicted in this case that upon the application of the plaintiff, while serving as Mayor of the Village of Elida, which application contained the statement that the Village of Elida was discharging waste into the Ottawa River from "storm and sanitary sewers;" the Water Pollution Control Board of the Department of Health of the State of Ohio renewed Elida's annual permit to discharge sewage into said river in 1957 and in 1958 (see Dfts. Exhibits Nos. 4 and 5).

The "sewerage" or "system of sewerage" in the Village of Elida is patently inadequate; nevertheless it is there. It has been improved from time to time by replacing land tile with vitrified tile and it is an installed system of sewerage for public use now being used by the people of Elida to carry raw sewage as well as the outflow from septic tanks, leech beds and filter beds and also for carrying away storm and surface water.

In addition to such system of sewerage, the Village of Elida has further proceeded with a program for installing an adequate system of sewerage by engaging engineers and preparing plans and specifications for a complete system of sewerage, including a disposal works, and has obtained an option on a three acre site for the construction of such disposal plant. It is evident, therefore, that the Village is in the process of installing an adequate system and a disposal works for public use.

In this Court's opinion, from the evidence adduced, the Council of the Village of Elida has installed or is installing sewerage, a system of sewerage, and a disposal works for public use, to the extent required by Section 729.49, Revised Code, to support the validity of Ordinance No. 162 of said Village.

Whatever may be the wishes and desires of the people of Elida as to the imposition of the charges provided for in said Ordinance or as to the need for providing by issuance of bonds or otherwise for the financing of the improvement of the sewerage system in the Village of Elida, such considerations are political and not juridical and the remedy lies outside the jurisdiction of this Court.

Accordingly, journal entry may be drawn finding on the issues joined in favor of the defendant, no cause for action, and dismissing the Amended Petition at the Plaintiff's costs.