No. 50,749

CITY OF JUNCTION CITY, KANSAS, *Appellee,* v. JANICE MARIE GRIFFIN, a/k/a/ JANICE MARIE JONES, *Appellant*

(601 P.2d 684)

Opinion filed October 27, 1979.

*Steven Hornbaker* of Harper & Hornbaker, Junction City, argued the cause and was on the brief for the appellant.

*Michael P. McKone,* Junction City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: Janice Marie Griffin was found guilty by a jury of solicitation for prostitution in violation of Junction City city ordinance 12-509(a) and sentenced under city ordinance 12-509(b) to a mandatory 30 days in jail with no probation. Appellant appeals upon an agreed statement from the sentencing ordinance. We reverse.

On April 29, 1978, appellant was arrested in Junction City and charged with solicitation for prostitution in violation of city ordinance 12-509(a) and was tried and convicted by the municipal court. She appealed and was tried and convicted by a jury in district court on September 25, 1978 and sentenced under ordinance 12-509(b), which requires a mandatory jail sentence without probation or parole. Appellant made application for probation which the district court denied on December 28, 1978. From that order this appeal is taken.

Appellant argues the mandatory sentencing ordinance without probation or parole is unconstitutional in violation of the doctrine of separation of powers. We need not meet that issue. Junction City city ordinance No. 12-509(b) is in violation of the Code of Procedure for Municipal Courts, K.S.A. 12-4101 through 12-4701,

which contains a comprehensive code of criminal procedure. K.S.A. 12-4102 states:

"This code governs the practice and procedure in all cases in municipal courts."

This code preempts the field of criminal procedure in Municipal Courts except as provided in K.S.A. 12-4103:

"This code is intended to provide for the just determination of every proceeding for violation of city ordinances. Its provisions shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. *If no procedure is provided by this code, the court shall proceed in any lawful manner consistent with any applicable law and not inconsistent with this code.*" [Emphasis supplied.]

Only where no procedure is provided can the procedure be varied and then only by the court.

The code provides for probation and parole at K.S.A. 12-4511, which states:

"The municipal judge may parole any person confined to jail as a result of a conviction of a violation of a city ordinance. The judge may set such conditions and restrictions as he or she sees fit to impose for a term not exceeding one year and may at anytime discharge such person for good cause shown."

The Code of Procedure for Municipal Courts is exempt from the home rule provision of the Kansas Constitution (Kan. Const. Art. 12, § 5), because it is of statewide concern and is applicable to all cities. The express legislative intent is set out in K.S.A. 12-4102.

In *Claflin v. Walsh,* 212 Kan. 1, 7-8, 509 P.2d 1130 (1973), we stated:

"The optional powers of the legislature are set forth in Section 5 (*b*) as limitations or exceptions to the exercise of home rule power by cities. The home rule power is subject to optional control by legislative action in four specific areas:
(1)   Enactments of statewide concern which are applicable uniformly to all cities.
(2)   Other enactments of the legislature applicable uniformly to all cities.
(3)   Enactments applicable uniformly to all cities of the same class limiting or prohibiting the levying of any tax, excise, fee, charge or other exaction.
(4)   Enactments of the legislature prescribing limits of indebtedness.
"Section 5 (*d*) of Article 12 requires a liberal construction of the powers and authority granted cities for the purpose of giving to cities the largest measure of self-government. This provision simply means that the home rule power of cities is favored and should be upheld unless there is a sound reason to deny it. Where the legislature has acted in some area a city's power to act in the same area should be upheld unless the legislature has clearly preempted the field so as to preclude city action. Unless there is actual conflict between a municipal ordinance and a statute, the city ordinance should be permitted to stand. [Citation omitted.]

. . . .

"In some cases the legislative intention has been made clear and unequivocal. By specific language the legislative intent is shown to be that the statute is to be applied uniformly to all cities. Such a statute was involved in *Ash v. Gibson,* 146 Kan. 756, 74 P.2d 136, which concerned the application of the uniform act regulating traffic on highways. There it was pointed out that in K.S.A. 8-507 the legislature stated clearly that the provisions of that act should be applicable and uniform throughout the state and in all political subdivisions and municipalities therein. In K.S.A. 41-208, a part of the Kansas Liquor Control Act, the legislature stated clearly that no city shall enact any ordinance in conflict with or contrary to the provisions of the act. An interpretation of that statute was before the court in *Blue Star Supper Club, Inc. v. City of Wichita,* 208 Kan. 731, 495 P.2d 524."

See also *City of Junction City v. Lee,* 216 Kan. 495, 532 P.2d 1292 (1975); *Jennings v. Walsh,* 214 Kan. 398, 521 P.2d 311 (1974); *Hutchinson Human Relations Comm. v. Midland Credit Management, Inc.,* 213 Kan. 308, 517 P.2d 158 (1973).

Matters under the Code of Municipal Court Procedure are of statewide rather than local concern. The public, parties and attorneys deserve to know the appropriate court procedure; it is an essential part of due process and the rule of law. In addition the code applies uniformly to all cities, making it exempt from the home rule provision in two categories.

We hold Junction City city ordinance 12-509(*b*) is ultra vires and void to the extent it varies from K.S.A. 12-4511.

The judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.

McFARLAND, J., dissenting.

FROMME, J., not participating.